1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Shon Morgan (Bar No. 187736)
2    shonmorgan@quinnemanuel.com
     Joseph Sarles (Bar No. 254750)
3    josephsarles@quinnemanuel.com
     865 South Figueroa Street, 10th Floor
4  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
5  Facsimile: (213) 443-3100

6
   Attorneys for Defendant Home Depot
7  U.S.A., Inc.

8                  UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 | TERRIA HARRIS, on behalf of herself | CASE NO.
12 | and all persons similarly situated,
   |                                     | **NOTICE OF REMOVAL TO**
13 |            Plaintiffs,              | **FEDERAL COURT**
   |
14 |       vs.                          | [15 U.S.C. § 1681, 28 U.S.C.
15 | HOME DEPOT U.S.A., INC.,            | §§ 1332(d)(2), 1441, 1446, and 1453]
16 |            Defendant.              | [Declaration of Jennifer Kennedy]
17
18
19
20
21
22
23
24
25
26
27
28

1 TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES
2 AND THEIR ATTORNEYS OF RECORD:

3 PLEASE TAKE NOTICE that defendant Home Depot U.S.A., Inc. ("Home
4 Depot") hereby removes this action from the Superior Court of California, County
5 of Alameda, to the United States District Court for the Northern District of
6 California pursuant to 28 U.S.C. §§ 1331, 1332(d), and 1441(a), and in support
7 thereof, respectfully shows the Court as follows:

8 ## STATEMENT OF THE CASE

9 1. On February 2, 2015, plaintiff Terria Harris filed in the Superior Court
10 of California, County of Alameda, a Class Action Complaint that Home Depot now
11 removes to the U.S. District Court for the Northern District of California. Plaintiff
12 seeks to certify a nationwide class of "all of [Home Depot's] current, former and
13 prospective applicants for employment in the United States who applied for a job
14 with [Home Depot] at any time during the period beginning five years prior to the
15 filing of this action and ending on the date that final judgment is entered in this
16 action." Complaint, ¶ 12. Plaintiff alleges that Home Depot included "extraneous
17 information" in its disclosures to applicants for employment in violation of 15
18 U.S.C. § 1681b(b) and 1681(d). Complaint, ¶ 34. Plaintiff seeks, on behalf of
19 herself and the purported class, statutory penalties, actual damages, civil penalties,
20 injunctive relief, punitive damages, interest at the highest rate allowable by law,
21 attorney's fees, and costs. *Id.*, ¶¶ 40, 41, and Prayer for Relief.

22 2. The Complaint filed in Alameda County Superior Court asserts two
23 federal statutory causes of action—15 U.S.C. § 1681b(b) and 1681(d). The
24 Complaint is removable pursuant to 28 U.S.C. §§1441(a) and separately under the
25 Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(2), and
26 1453(b). Home Depot has satisfied all the procedural requirements of 28 U.S.C.
27 § 1446 and thereby removes this action to the United States District Court for the
28 Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and

1453. This Notice of Removal is timely because it has been filed within 30 days of service of the Complaint. 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal"); *see also* 28 U.S.C. §1454(b)(2).

## GROUNDS FOR REMOVAL

### I.  Federal Question Jurisdiction

3.  Home Depot hereby removes this action based on federal question jurisdiction, pursuant to 28 U.S.C. §1441(a). This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, because plaintiff's claims arise exclusively under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681b(b) and 1681(d).

### II.  Jurisdiction Under The Class Action Fairness Act

4.  Separately, federal jurisdiction is also proper under the Class Action Fairness Act ("CAFA"). CAFA fundamentally changed the legal standards governing removal jurisdiction for class actions. Congress explicitly stated that CAFA's "provisions should be read broadly, with a strong preference that interstate actions should be heard in a federal court," on the grounds that the state courts were not adequately protecting defendants against class action abuses. S. Rep. No. 109-14, at 43, 53-54 (2005). Rather than emphasizing a strict constructionist view of the statute against removal jurisdiction, Congress instructed district courts to "err in favor of exercising jurisdiction." *Id.* at 42-43. As shown below, this action satisfies the requirements for diversity jurisdiction under CAFA, 28 U.S.C. § 1332(d)(2).

5.  ***Class Action.*** This lawsuit is a class action as defined by 28 U.S.C. § 1332(d)(1)(B). CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C.§ 1332(d)(1)(B). Plaintiff styled her complaint

as a "Class Action Complaint" and alleges it is being brought on behalf of a nationwide class of all "current, former and prospective applicants for employment in the United States who applied for a job with [Home Depot]." Complaint, ¶ 12. Plaintiff also requests an order "that the action be certified as a class action." *Id.,* Prayer for Relief.

6.      ***Diversity of Citizenship.***  At the time this lawsuit was filed and as of the date of this notice, defendant Home Depot was and is a Delaware corporation headquartered in Georgia, with its principal place of business in Georgia. Complaint, ¶ 9; Declaration of Jennifer Kennedy, filed concurrently ("Kennedy Decl."), ¶ 3. At the time of the filing of this action and as of the date of this notice, plaintiff was a resident and citizen of California. Complaint, ¶ 5. Moreover, Plaintiff seeks the certification of a nationwide class of former, current, and prospective Home Depot employment applicants. Complaint, ¶ 12. In 2010 through February 4, 2015, Home Depot had retail locations in all fifty states, and in that period had numerous employment applicants in each of the fifty states. Kennedy Decl., ¶4. Therefore, there are members of the putative class alleged by plaintiff in each of the fifty states. *Id.*  Because at least one member of the proposed class is from a state other than Delaware or Georgia, the diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is met.

7.      ***Amount in Controversy.***  The amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, satisfying the amount in controversy requirement of 28 U.S.C. § 1332(d)(2). The Complaint seeks relief that includes:

- •      Injunctive relief (*Id.*, ¶ 40);
- •      Actual damages (Complaint, ¶¶ 40-41);
- •      Statutory penalties (*Id.,* and Prayer for Relief);
- •      Civil penalties (*Id.*, Prayer for Relief);

1      •    Punitive damages (*Id.*);

2      •    Costs of suit (*Id.*);

3      •    Interest (*Id.*); and

4      •    Attorneys' fees (*Id.*).

5

6      •

7  Aggregation of these potential remedies brings this matter within the purview of

8  CAFA.

9      Under CAFA, the amount in controversy is determined by aggregating the

10  claims of all individual class members.  28 U.S.C. § 1332(d)(6).  In determining the

11  amount in controversy the Court should consider that plaintiff seeks remedies on

12  behalf of the class.[1]  Plaintiff seeks relief on behalf of a nationwide class of all

13  "current, former and prospective applicants for employment in the United States

14  who applied for a job with [Home Depot]."  Complaint, ¶ 12.

15      In each year from February 4, 2010 through February 4, 2015, well over

16  25,000 individuals applied for and received a job with Home Depot in the United

17  States, for a total of well over 125,000 individuals during the putative class period.

18  Kennedy Decl., ¶ 5.  Plaintiff alleges Home Depot "willfully" violated 15 U.S.C. §§

19  1681b(b)(2)(A) and 1681d(a), and seeks statutory penalties.  Complaint, ¶ 38.  The

20  statutory penalties for each willful violation of 15 U.S.C. §§ 1681b(b)(2)(A) and

21  1681d(a) are "not less than $100 and not more than $1,000."  15 U.S.C. §

22  1681n(a)(1)(A).

23

24

---

25   [1]  Home Depot has calculated the amount in controversy based on plaintiffs'

26  allegations for purposes of this notice of removal, but Home Depot denies that a

27  class is the proper vehicle for plaintiff's claims and does not admit it is liable for any
such claims.

28

1    Although Home Depot maintains that it did not violate the Fair Credit
2  Reporting Act provisions at issue, and did not do so willfully, under 15 U.S.C. §
3  1681n(a), the minimum mandatory statutory penalty for each willful violation—
4  $100—multiplied by the approximate number of putative class members—
5  125,000—equals $12,500,000, far exceeding the jurisdictional minimum under
6  CAFA.  Given the scope of plaintiffs' allegations and requests for relief, the amount
7  in controversy clearly exceeds $5,000,000 in the aggregate, and this Court has
8  jurisdiction under CAFA.

9    8.    ***Number of Proposed Class Members.***  Plaintiff seeks certification of a
10  nationwide class of all "current, former and prospective applicants for employment
11  in the United States who applied for a job with [Home Depot]."  Complaint, ¶ 12.
12  In each year from February 4, 2010 through February 4, 2015, well over 25,000
13  individuals applied for and received a job with Home Depot in the United States, for
14  a total of well over 125,000 individuals during the putative class period.   Kennedy
15  Decl., ¶ 5.  Accordingly, the action easily satisfies the requirement of 28 U.S.C.
16  § 1332(d)(5) that the proposed class include at least 100 persons.

17    9.    ***Timeliness.***  This removal notice is timely filed, as required by
18  28 U.S.C. § 1446(b).  Home Depot was served with the Class Action Complaint on
19  February 4, 2015, and files this notice within thirty days of being served with the
20  Complaint.

21    10.    ***Exceptions Do Not Apply.***  The exceptions to removal under 28 U.S.C.
22  §§ 1332(d) and 1453(d) do not apply.

## THE OTHER PROCEDURAL REQUISITES
## FOR REMOVAL ARE SATISFIED

25    11.    Home Depot has complied with 28 U.S.C. § 1446(a) & (d).  Under
26  28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, or
27  orders on file in the state court are attached as Exhibit 1.  Pursuant to 28 U.S.C.
28  § 1446(d), a notice of filing of removal, with a copy of this notice of removal

1  attached, has been filed with the clerk of the Superior Court of California, County of

2  Alameda, Case No. RG15757046, and Home Depot has served a notice of filing of

3  removal, with a copy of the notice of removal attached, on plaintiffs' attorneys.

4  Copies of the notice and the proof of service of the notice to plaintiff and the

5  Superior Court of California, County of Alameda, are attached as Exhibit 2.

6  (Exhibit A to Exhibit 2, which is a copy of this notice, is not attached for the Court's

7  convenience.  Home Depot will provide it upon request.).

8  ## CONCLUSION

9  By this notice, Home Depot does not waive any objections it may have as to

10  improper service, jurisdiction, or venue, or any other defenses or objections to this

11  action.  Home Depot intends no admission of fact, law, or liability by this notice,

12  and reserves all defenses, motions, and pleas.  Home Depot prays that this action be

13  removed to this Court for determination; that all further proceedings in the state

14  court suit be stayed; and that Home Depot obtain all additional relief to which it is

15  entitled.

16

17

18  DATED:  March 6, 2015                    Respectfully submitted,

19                                          QUINN EMANUEL URQUHART &
20                                          SULLIVAN, LLP

21

22

23  By _____

24                                          Shon Morgan
                                            Attorneys for Defendant Home Depot
25                                          U.S.A., Inc.

26

27

28

02441.23784/6542395.1

-6-

# EXHIBIT 1

# Case Details

**Case Number: RG15757046**          **Title: Harris VS Home Depot U.S.A., Inc., a Delaware Corporation**

| Case Summary | Register of Action | Participants | Tentative Rulings | Future Hearings | Minutes |
|---|---|---|---|---|---|

| | |
|---|---|
| **Case Number:** | RG15757046 |
| **Title:** | Harris VS Home Depot U.S.A., Inc., a Delaware Corporation |
| **Case Type:** | Civil |
| **Complaint Type:** | Other Employment |
| **Case Subtype:** | General Civil |
| **Filing Date:** | 2/2/2015 |
| **Filing Location:** | Rene C. Davidson Alameda County Courthouse |

| Case Summary | Register of Action | Participants | Tentative Rulings | Future Hearings | Minutes | |

| Date | Description | Pages | Price | |
|------|-------------|-------|-------|---|
| 2/20/2015 | Proof of Service on Complaint As to Home Depot U.S.A., Inc., a Delaware Corporation Filed | 2 | $2.00 | Half Page Preview |
| 2/3/2015 | Case Management Conference 04/09/2015 02:30 PM D- 17 | 2 | | View |
| 2/3/2015 | Complex Determination Hearing 03/09/2015 02:30 PM D- 17 | | | |
| 2/2/2015 | Summons on Complaint Issued and Filed | 1 | $1.00 | Half Page Preview |
| 2/2/2015 | Civil Case Cover Sheet Filed for Terria K Harris | 1 | $1.00 | Half Page Preview |
| 2/2/2015 | Complex Designation Requested | | | |
| 2/2/2015 | Complaint - Other Employment Filed | 10 | $7.50 | Half Page Preview |

Page: 1 of 1

Add ite

ORIGIN 

*12997941*

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh SBN 204514<br>Setareh Law Group<br>9454 Wilshire Blvd., Suite 907<br>Beverly Hills CA 90212<br>(310) 888-7771<br>ATTORNEY FOR Plaintiff | F I L E D<br>ALAMEDA COUNTY<br>FEB 20 2015<br>CLERK OF THE SUPERIOR COURT<br>By_____ Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
1225 Fallon St
Oakland, CA 94612

| PLAINTIFF/PETITIONER: | Tarria Harris | CASE NUMBER:<br>RG15757046 |
|---|---|---|
| DEFENDANT/RESPONDENT: | Home Depot U.S.A., Inc. | |

| Proof of Service of Summons | |
|---|---|

## BY FAX

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

    Summons and Complaint

3a. Party Served:

    Home Depot U.S.A., Inc., A Delaware Corporation

3b. Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made):

    Jenny Le
    Agent of Service

4. Address where the party was served:

    2710 Gateway Oaks Dr., Ste 150N
    Sacramento, CA 95833

5. I served the party:

    a. By personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party.

    (1) on: 2/4/2015    (2) at: 10:45 AM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    d. on behalf of: Home Depot U.S.A., Inc., A Delaware Corporation

CONTINUED ON NEXT PAGE

| PLAINTIFF/PETITIONER: | Tarria Harris | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Home Depot U.S.A., Inc. | RG15757046 |

under the following Code of Civil Procedure section:

416.10 (Corporation)

7. Person who served papers
   a. Name: Lori Brown
   b. Address: 14748 Pipeline Avenue, Suite B, Chino Hills, CA 91709
   c. Telephone number: 909-664-9565
   d. The fee for this service was: 94.00
   e. I am:
   (3) [X] a registered California process server:
      (i) [X] Independent Contractor
      (ii) Registration No.: 2015-01   Expires: 1/4/2017
      (iii) County: Sacramento

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

2/6/2015

Lori Brown

Rapid Legal, Inc., San Bernardino Co. Reg. #1086. Expires 04-23-16

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HOME DEPOT U.S.A., INC., A Delaware Corporation; and DOES
1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TERRIA K. HARRIS, on behalf of herself, all others similarly situated,

<table>
<tr><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

## FILED BY FAX
ALAMEDA COUNTY

February 02, 2015

CLERK OF
THE SUPERIOR COURT
By Lynn Wiley, Deputy

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Rene C. Davidson<br>1225 Fallon Street Oakland, California 94612 | **CASE NUMBER:**<br>*(Número del Caso):*<br><br>RG15757046 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, 9454 Wilshire, Blvd., Ste 907, Beverly Hills, CA 90212 (310)888-7771

| DATE: January 30, 2015<br>*(Fecha)* | Clerk, by ___Lynn Wiley___ digital<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

February 02, 2015

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

SUM-100

# SUMMONS
## (CITACIÓN JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HOME DEPOT U.S.A., INC., A Delaware Corporation; and DOES
1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TERRIA K. HARRIS, on behalf of herself, all others similarly situated,

| |
|---|
| FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)<br><br>**FILED BY FAX**<br>ALAMEDA COUNTY<br><br>February 02, 2015<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Lynn Wiley, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|
| Rene C. Davidson<br>1225 Fallon Street Oakland, California 94612 | RG15757046 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setarch, 9454 Wilshire, Blvd., Ste 907, Beverly Hills, CA 90212 (310)888-7771

| DATE: January 30, 2015<br>*(Fecha)* | Clerk, by *Lynn Wiley*<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Home Depot U.S.A., Inc., A Delaware Corporation

   under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

Fax Server                    2/3/2015 8:33:08 AM   PAGE    1/001    Fax Server

To:  Page 3 of 13                    2015-02-02 17:32:31 (GMT)                    From: Shaun Setareh

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>— Shaun Setareh (SBN 204514)<br>Setareh Law Group<br>9454 Wilshire Blvd, Suite 907<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: (310) 888-7771   FAX NO.: (310) 888-0109<br>ATTORNEY FOR (Name): Terria K. Harris | FILED BY FAX<br>ALAMEDA COUNTY<br>February 02, 2015<br>CLERK OF<br>THE SUPERIOR COURT<br>By Lynn Wiley, Deputy<br>CASE NUMBER:<br>RG15757046 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: Rene C. Davidson

CASE NAME:
Harris v. Home Depot U.S.A., Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property | ☐ Other collections (09) | ☐ Mass tort (40) |
| Damage/Wrongful Death) Tort | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | Real Property | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | condemnation (14) | types (41) |
| Non-PI/PD/WD (Other) Tort | ☐ Wrongful eviction (33) | Enforcement of Judgment |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | Unlawful Detainer | Miscellaneous Civil Complaint |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | Miscellaneous Civil Petition |
| ☐ Professional negligence (25) | Judicial Review | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| Employment | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties          d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence             f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): One (1)
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 30, 2015
Shaun Setareh
_____        ►_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]          CIVIL CASE COVER SHEET          Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**FILED BY FAX**
ALAMEDA COUNTY

February 02, 2015

CLERK OF
THE SUPERIOR COURT
By Lynn Wiley, Deputy

CASE NUMBER:
**RG15757046**

1  SHAUN SETAREH (SBN 204514)
   shaun@setarehlaw.com
2  TUVIA KOROBKIN (SBN 268066)
   tuvia@setarehlaw.com
3  NEIL LARSEN (SBN 276490)
   neil@setarehlaw.com
4
5  SETAREH LAW GROUP
   9454 Wilshire Boulevard, Suite 907
6  Beverly Hills, California 90212
   Telephone:   (310) 888-7771
7  Facsimile:   (310) 888-0109
8
   Attorneys for Plaintiff,
9
   (Additional Counsel on Following Page)
10

11        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12             **FOR THE COUNTY OF ALAMEDA**
                 *(UNLIMITED JURISDICTION)*
13

14  TERRIA K HARRIS, on behalf of herself, all       Case No.:
15  others similarly situated,
                                                      **CLASS ACTION**
16              *Plaintiff,*
                                                      **COMPLAINT FOR:**
17
        vs.                                           1.  Violation of 15 U.S.C. §§
18                                                        1681b(b)(2)(A) and 1681d(a) (Fair
    HOME DEPOT U.S.A., INC., A Delaware                   Credit Reporting Act); and
19  Corporation; and DOES 1-50, inclusive,
                                                      **JURY TRIAL DEMANDED**
20              *Defendants.*

21
22
23
24
25
26
27
28

*Harris v Home Depot, et. al.*                        Class Action Complaint

Plaintiff, TERRIA HARRIS (hereafter "Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this class and representative action against defendants HOME DEPOT U.S.A., Inc. ("Home Depot"), and Does 1-50, inclusive (collectively "Defendants") for alleged violations of the the Fair Credit Reporting Act ("FCRA").

2.     Plaintiff alleges that Defendants routinely acquire consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on Plaintiff and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without complying with the law. Plaintiff, individually and on behalf of all other similarly situated current, former, and prospective employees, seeks compensatory and punitive damages due to Defendants' systematic and willful violations of the FCRA, 15 U.S.C. §§ 1681 et seq.

## PARTIES

5.     Defendants employed Plaintiff in 2013 in the State of California.

6.     Home Depot is a corporation organized and existing under the laws of Delaware and also a citizen of California based on Plaintiff's information and belief.

7.     Plaintiff is ignorant of the true names, capacities, relationships, and extents of participation in the conduct alleged herein, of the defendants sued as DOES 1-50, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend the Complaint to allege the true names and capacities of the DOE defendants when ascertained.

8.     Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, all Defendants were the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

9.     At all relevant times, in perpetrating the acts and omissions alleged herein, Defendants, and each of them, acted pursuant to and in furtherance of a policy, practice, or a

1    lack of a practice which resulted in Defendants not paying Plaintiff and other members of the
2    below-described class in accordance with applicable laws as alleged herein.

3        10.    Plaintiff is informed and believes and thereon alleges that each and every one of
4    the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants,
5    each acting as agents and/or employees, and/or under the direction and control of each of the
6    other defendants, and that said acts and failures to act were within the course and scope of said
7    agency, employment and/or direction and control.

                                   **CLASS ALLEGATIONS**

8        11.    This action has been brought and may be maintained as a class action pursuant to
9    California Code of Civil Procedure § 382 because there is a well-defined community of interest
10   among the persons who comprise the readily ascertainable classes defined below and because
11   Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class
12   action.

13       12.    **Class Definitions:** The classes are defined as follows:

14       A.    **FCRA Class:** All of Defendants' current, former and prospective
15   applicants for employment in the United States who applied for a job with Defendants at any
16   time during the period beginning five years prior to the filing of this action and ending on the
17   date that final judgment is entered in this action.

18       13.    **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the
19   right to amend or modify the class definitions with greater specificity, by further division into
     subclasses and/or by limitation to particular issues.

20       14.    **Numerosity:** The class members are so numerous that the individual joinder of
21   each individual class member is impractical. While Plaintiff does not currently know the exact
22   number of class members, Plaintiff is informed and believes that the actual number exceeds the
23   minimum required for numerosity under California law.

24       15.    **Commonality and Predominance:** Common questions of law and fact exist as
25   to all class members and predominate over any questions which affect only individual class
26   members. These questions include, but are not limited to:

27       A.    Whether Defendants willfully failed to provide the class with stand-alone
     written disclosures before obtaining a credit or background report in compliance with the
28   statutory mandates?

---

*Harris v Home Depot, et al.*               2               Class Action Complaint

B.    Whether Defendants willfully failed to comply with the FCRA?

16.    **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy, practice or a lack of a policy which resulted in Defendants failing to comply with the California Labor Code, and the Business and Professions Code, and FCRA as alleged herein.

17.    **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise in conflict with, the interests of absent class members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of class members. Plaintiff will fairly and adequately represent and protect the interests of class members.

18.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in class action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

19.    **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## FIRST CAUSE OF ACTION

## FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA

### (15 U.S.C. §§ 1681b(b)(2)(A) and 1681d(a))

**(By Plaintiff and the FCRA Class against all Defendants)**

20.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

21.    Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

22. Plaintiff and class members are "consumers" within the meaning Section 1681a(c) of the FCRA, because they are "individuals."

23. Section 1681a(d)(1) of the FCRA defines "consumer report" as

any oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility" for employment purposes.

Thus a credit and background report qualifies as a consumer report.

24. Section 1681a(e) of the FCRA defines "investigative consumer report" as:

a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information.

Thus a credit and background report qualifies as an investigative consumer report.

25. Section 1681b(b) of the FCRA provides, in relevant part:

Conditions for furnishing and using consumer reports for employment purposes

(2) Disclosure to consumer

(A) In general
Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

i. a *clear and conspicuous* disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that *consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

ii. the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis Added).

26. Section 1681d(a) provides, in relevant part:

Disclosure of fact of preparation

---

*Harris v Home Depot, et al.*        4        Class Action Complaint

A person may not procure or cause to be prepared an investigative consumer report on any consumer unless—

        (1)    it is *clearly and accurately disclosed* to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure

            (A)    is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and

            (B)    *includes a statement informing the consumer of his right to request the additional disclosures* provided for under subsection (b) of this section *and the written summary of the rights of the consumer prepared pursuant to section 1681g(c)* of this title; (Emphasis Added.)

27. Plaintiff alleges, on information and belief, that in evaluating him and other class members for employment, Defendants procured or caused to be prepared credit and background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e)).

28. When Plaintiff applied for employment with Defendants, Defendants required her to fill sign and sign and fill out a Document entitled "FAIR CREDIT REPORTING ACT DISCLOSURE AND AUTHORIZATION" ("authorization".

29. In pertinent part the two page authorization states:

"I release Home Depot and/or its agents and any person or entity that information pursuant to this authorization from any and all liabilities, claims, or lawsuits in regard to the information obtained from any and all of the above referenced sources.

I agree that the giving of false, misleading or incomplete information either on my employment application or this form will be grounds for denial or termination........

The Home Depot is an equal opportunity employer. Information from a consumer report or investigative consumer report will not be used in violation of any equal employment opportunity law or regulation. Date of birth is for

---

identification verification purposes only, and is not considered in making employment decisions. Home Depot personnel who will be involved in hiring decisions will not have access to date of birth information before a conditional offer of employment is made........

FOR OFFICE USE ONLY

The Home Depot CONTACT NAME        STORE/LOCATOR  state

POSITION APPLIED FOR:

-Criminal   - Credit - Motor Vehicle – Date of Request"

Because the purported disclosures are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-alone documents, they do not meet the requirements under the law.

30. Under the FCRA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii). The inclusion of the Release and other extraneous information, therefore, violates § 1681b(b)(2)(A) of the FCRA.

31. Although the disclosure and the authorization may be combined in a single document, the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous information or be part of another document. For example, in response to an inquiry as to whether the disclosure may be set forth within an application for employment or whether it must be included in a separate document, the FTC stated:

> The disclosure may not be part of an employment application because the language [of 15 U.S.C. § 1681b(b)(2)(A) is] intended to ensure that it appears conspicuously in a document not encumbered by any other information. The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure.

32. The plain language of the statute also clearly indicates that the inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements of the FCRA, because such a form would not consist "solely" of the disclosure. In fact, the FTC expressly has warned that the FCRA notice may not include extraneous information such as a release. In a 1998 opinion letter, the FTC stated:

> [W]e note that your draft disclosure includes a waiver by the consumer of
> his or her rights under the FCRA. The inclusion of such a waiver in a
> disclosure form will violate Section 604(b)(2)(A) of the FCRA, which
> requires that a disclosure consist 'solely' of the disclosure that a consumer
> report may be obtained for employment purposes.

33.     In a report dated July 2011, the FTC reiterated that: "the notice [under 15 U.S.C.
§ 1681b(b)(2)(A)] may not include extraneous or contradictory information, such as a request
for a consumer's waiver of his or her rights under the FCRA."

34.     By including the Release and other extraneous information, Defendants willfully
disregarded the FTC's regulatory guidance and violated Section 1681b(b)(2)(A) of the FCRA.
Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear
and conspicuous" and "clear[] and accurate[]," and thus violates §§ 1681b(b)(2)(A) and
1681d(a).

35.     Based upon the facts likely to have evidentiary support after a reasonable
opportunity for further investigation and discovery, Defendants have a policy and practice of
failing to provide adequate written disclosures to applicants and employees, before procuring
consumer reports or causing consumer reports to be procured. Pursuant to that policy and
practice, Defendants procured consumer reports or caused consumer reports to be procured for
Plaintiff and class members without first providing a written disclosure in compliance with
Section 1681b(b)(2)(A) of the FCRA.

36.     Defendants' conduct in violation of Section 1681b(b)(2)(A) of the FCRA was
and is willful. Defendants acted in deliberate or reckless disregard of their obligations and the
rights of applicants and employees, including Plaintiff and class members. Defendants' willful
conduct is reflected by, among other things, the following facts:

(a)     Defendants are a large corporation with access to legal advice;

(b)     Defendants required a purported authorization to perform credit and
background checks in the process of employing the class members which, although defective,
evidences Defendants' awareness of and willful failure to follow the governing laws concerning
such authorizations;

(c)     The plain language of the statute unambiguously indicates that inclusion
of a liability release and other extraneous information in a disclosure form violates the
disclosure and authorization requirements; and

(d)     The FTC's express statements, pre-dating Defendants' conduct, which state that it is a violation of Section 1681b(b)(2)(A) of the FCRA to include a liability waiver in the FCRA disclosure form.

37.     On information and belief and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without providing a written summary of their rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made. Pursuant to that policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and class members, without providing a timely written summary of their rights under the FCRA.

38.     Accordingly, Defendants willfully violated and continue to violate the FCRA including, but not limited to, §§ 1681b(b)(2)(A) and 1681d(a). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

39.     As a result of Defendants' illegal procurement of credit and background reports by way of their inadequate disclosures, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

40.     Plaintiff, on behalf of herself and all class members, seeks all available remedies pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief and attorneys' fees and costs.

41.     In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 1681o, including actual damages and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendants as follows:

A.  An order that the action be certified as a class action;

B.  An order that Plaintiff be appointed class representative;

C.  An order that counsel for Plaintiff be appointed class counsel;

D.  Statutory penalties;

E.  Civil penalties;

F.  Punitive damages;

G.  Costs of suit;

H.  Interest;

I.  Reasonable attorneys' fees; and

J.  Such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial on all issues so triable.

Respectfully submitted,

SETAREH LAW GROUP

Dated: January 29, 2015

By _____

SHAUN SETAREH, Attorney for Plaintiff,
TERRIA HARRIS, on behalf of herself, all
others similarly situated

**General Information**

**Name:** Terria K Harris vs. Home Depot U.S.A., Inc
**Current Phase:** Completed

**Practice Group:** Employment Law Group

**Other:**

**Corporate Counsel Required?:** Yes

**Case Setup Required?:** Yes

**Store Number:**

**Notice of Service of Process**

**Entity:** Home Depot U.S.A., Inc

**Title of Action:** Terria K Harris vs. Home Depot U.S.A., Inc

**Document(s) Type:** Summons//Complaint

**Nature of Action:**

**Court:** Alameda County Superior Court

**Case Number:** RG15757046

**Jurisdiction Served:** CA

**Date Served on CSC:** 2/4/15

**Answer or Appearance Due:** 30

**Originally Served On:**

**How Served:** Personal Service

**Sender:**

**User Comments**

**User Comments:**

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>┌ Shaun Setarch (SBN 204514)<br>Setarch Law Group<br>9454 Wilshire Blvd. Suite 907<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: (310) 888-7771   FAX NO.: (310) 888-0109<br>ATTORNEY FOR *(Name):* Terria K. Harris | **FILED BY FAX**<br>ALAMEDA COUNTY<br><br>February 02, 2015<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Lynn Wiley, Deputy<br><br>CASE NUMBER:<br>**RG15757046** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: Rene C. Davidson

CASE NAME:
Harris v. Home Depot U.S.A., Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ **Unlimited** ☐ **Limited**<br>(Amount      (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) |    condemnation (14) |    above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) |    types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* One (1)
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: January 30, 2015
Shaun Setareh
_____    ► _____
(TYPE OR PRINT NAME)                                             (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

Setareh Law Group
Attn: Setareh, Shaun
9454 Wilshire Blvd, Ste 907
Beverly Hills, CA   90212____

Home Depot U.S.A., Inc., a Delaware
Corporation

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

Harris

Plaintiff/Petitioner(s)

VS.

Home Depot U.S.A., Inc., a Delaware Corporation

Defendant/Respondent(s)
(Abbreviated Title)

No. <u>RG15757046</u>

### NOTICE OF HEARING

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and
time noted below:

Complex Determination Hearing:
DATE: 03/09/2015    TIME:  02:30 PM    DEPARTMENT:  17
LOCATION:  Administration Building, Third Floor
           1221 Oak Street, Oakland

Case Management Conference:
DATE: 04/09/2015    TIME:  02:30 PM    DEPARTMENT:  17
LOCATION:  Administration Building, Third Floor
           1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of
the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation
Determination Hearing and Initial Complex Case Management Conference.

Department 17 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb).
For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at
(510) 267-6933.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of
Alameda, concerning the tentative ruling procedures for Department 17.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice
on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case
Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement
may result in sanctions. Case Management Statements may be filed by E-Delivery, by submitting
directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For

http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 17.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 17 by e-mail at Dept.17@alameda.courts.ca.gov or by phone at (510) 267-6933.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 02/03/2015          Leah T. Wilson   Executive Officer / Clerk of the Superior Court

                                                By      *Y. Ajamu*
                                                                                          Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 02/03/2015.

                                                By      *Y. Ajamu*
                                                                                          Deputy Clerk

# EXHIBIT 2

1 | QUINN EMANUEL URQUHART & SULLIVAN, LLP
Shon Morgan (Bar No. 187736)
2 | shonmorgan@quinnemanuel.com
Joseph Sarles (Bar No. 254750)
3 | josephsarles@quinnemanuel.com
865 South Figueroa Street, 10th Floor
4 | Los Angeles, California 90017-2543
Telephone: (213) 443-3000
5 | Facsimile: (213) 443-3100

6

Attorneys for Defendant Home Depot U.S.A.,
7 | Inc.

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

11

12 | TERRIA HARRIS, on behalf of herself and all persons similarly situated,

CASE NO.

13 | Plaintiffs,

**PROOF OF SERVICE**

14 | vs.

15 | HOME DEPOT U.S.A., INC.,

16 | Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2       I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is is First Legal, 1517

3  West Beverly Blvd., Los Angeles, CA 90026.

4       On March 6, 2015, I served true copies of the following documents:

5  **SEE ATTACHED LIST**

6  described as  on the interested parties in this action as follows:

7      Shaun Setareh                Los Angeles Superior Court
               Setareh Law Group           County of Alameda

8      9454 Wilshire Blvd.           1225 Fallon St.
               Beverly Hills, CA 90212      Oakland, CA  94612

9

10  **BY PERSONAL SERVICE:**  I delivered such envelope by hand to the office of the person(s) being served.

11

       I declare under penalty of perjury under the laws of the State of California that the

12  foregoing is true and correct.

13       Executed on March 6, 2015, at Los Angeles, California.

14

15                                    Dave Quintana

16

17

18

19

20

21

22

23

24

25

26

27

28

02441.00002/6561271.1

1

## LIST OF DOCUMENTS

2   (1)      Notice of Removal to Federal Court

3   (2)       Declaration of Jennifer Kennedy

4   (3)     Civil Cover Sheet

5   (4)     Notice of Interested Parties

6   (5)     Proof of Service on Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Shon Morgan (Bar No. 187736)
2    shonmorgan@quinnemanuel.com
     Joseph Sarles (Bar No. 254750)
3    josephsarles@quinnemanuel.com
     865 South Figueroa Street, 10ᵗʰ Floor
4  Los Angeles, California 90017-2543
     Telephone:     (213) 443-3000
5  Facsimile:     (213) 443-3100

6
   Attorneys for Defendant Home Depot U.S.A.,
7  Inc.

8
                 SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                       FOR THE COUNTY OF ALAMEDA
10

11
   TERRIA HARRIS, on behalf of herself and all    CASE NO.  RG15757046
12 persons similarly situated,

13              Plaintiffs,                         **PROOF OF SERVICE**

14       vs.

15 HOME DEPOT U.S.A., INC.,

16              Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

02441.00002/6561277.1

PROOF OF SERVICE

1

## PROOF OF SERVICE

2    I am employed in the County of Los Angeles, State of California. I am over the age of
eighteen years and not a party to the within action; my business address is is First Legal, 1517
3    West Beverly Blvd., Los Angeles, CA 90026.

4    On March 6, 2015, I served true copies of the following documents:

5    **SEE ATTACHED LIST**

6    described as  on the interested parties in this action as follows:

7        Shaun Setareh
         Setareh Law Group
8        9454 Wilshire Blvd.
         Beverly Hills, CA 90212

9

10   **BY PERSONAL SERVICE:**  I delivered such envelopes by hand to the office of the person(s)
being served.

11

         I declare that I am employed in the office of  a member of the bar of this Court at whose
12   direction the service was made.

13       Executed on March 6, 2015, at Los Angeles, California.

14

15                                                   _____
                                                     Dave Quintana
16

17

18

19

20

21

22

23

24

25

26

27

28

02441.00002/6561277.1

### LIST OF DOCUMENTS

(1)     Notice of Filing for Removal with Notice of Removal

(2)     Notice to Adverse Party of Removal with Notice of Removal