SHAUN SETAREH (SBN 204514)
    shaun@setarehlaw.com
TUVIA KOROBKIN (SBN 268066)
    tuvia@setarehlaw.com
NEIL LARSEN (SBN 276490)
    neil@setarehlaw.com
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California  90212
Telephone:   (310) 888-7771
Facsimile:    (310) 888-0109

Attorneys for Plaintiff,
TERRIA K. HARRIS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| TERRIA K HARRIS, on behalf of herself, all others similarly situated,<br><br>    *Plaintiff*,<br><br>  vs.<br><br>HOME DEPOT U.S.A., INC., A Delaware Corporation; and DOES 1-50, inclusive,<br><br>    *Defendants*. | Case No.: 15-CV-01058-YGR<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. Violation of 15 U.S.C. §§ 1681b(b)(2)(A) and 1681d(a) (Fair Credit Reporting Act); and<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, TERRIA HARRIS (hereafter "Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this class and representative action against defendants HOME DEPOT U.S.A., Inc. ("Home Depot"), and Does 1-50, inclusive (collectively "Defendants") for alleged violations of the Fair Credit Reporting Act ("FCRA").

2. Plaintiff alleges that Defendants routinely acquire consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on Plaintiff and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without complying with the law. Plaintiff, individually and on behalf of all other similarly situated current, former, and prospective employees, seeks compensatory and punitive damages due to Defendants' systematic and willful violations of the FCRA, 15 U.S.C. §§ 1681 *et seq*.

## PARTIES

5. Defendants employed Plaintiff in 2013 in the State of California.

6. Home Depot is a corporation organized and existing under the laws of Delaware and also a citizen of California based on Plaintiff's information and belief.

7. Plaintiff is ignorant of the true names, capacities, relationships, and extents of participation in the conduct alleged herein, of the defendants sued as DOES 1-50, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend the Complaint to allege the true names and capacities of the DOE defendants when ascertained.

8. Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, all Defendants were the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

9. At all relevant times, in perpetrating the acts and omissions alleged herein, Defendants, and each of them, acted pursuant to and in furtherance of a policy, practice, or a

lack of a practice which resulted in Defendants not paying Plaintiff and other members of the below-described class in accordance with applicable laws as alleged herein.

10. Plaintiff is informed and believes and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

## JURISDICTION

11. Defendant removed this case pursuant to federal question jurisdiction, 28 U.S.C. § 1441(a), and the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).

## CLASS ALLEGATIONS

12. This action has been brought and may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

13. **Class Definitions:** The classes are defined as follows:

A. **FCRA Class:** All of Defendants' current, former and prospective applicants for employment in the United States who applied for a job with Defendants at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action.

14. **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses and/or by limitation to particular issues.

15. **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

16. **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

        A.     Whether Defendants willfully failed to provide the class with stand-alone written disclosures before obtaining a credit or background report in compliance with the statutory mandates?

        B.     Whether Defendants willfully failed to comply with the FCRA?

17.    **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy, practice or a lack of a policy which resulted in Defendants failing to comply with the California Labor Code, and the Business and Professions Code, and FCRA as alleged herein.

18.    **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise in conflict with, the interests of absent class members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of class members. Plaintiff will fairly and adequately represent and protect the interests of class members.

19.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in class action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

20.    **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

//

# FIRST CAUSE OF ACTION

# FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA

# (15 U.S.C. §§ 1681b(b)(2)(A) and 1681d(a))

# (By Plaintiff and the FCRA Class against all Defendants)

21. Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

22. Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

23. Plaintiff and class members are "consumers" within the meaning Section 1681a(c) of the FCRA, because they are "individuals."

24. Section 1681a(d)(1) of the FCRA defines "consumer report" as

> any oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility" for employment purposes.

Thus a credit and background report qualifies as a consumer report.

25. Section 1681a(e) of the FCRA defines "investigative consumer report" as:

> a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information.

Thus a credit and background report qualifies as an investigative consumer report.

26. Section 1681b(b) of the FCRA provides, in relevant part:

> Conditions for furnishing and using consumer reports for employment purposes
>
> (2) Disclosure to consumer
>
>> (A) In general
>> Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—
>>
>> i.   a ***clear and conspicuous*** disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that ***consists solely of the disclosure***, that a consumer report may be obtained for employment purposes; and

        ii.      the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis Added).

27. Section 1681d(a) provides, in relevant part:

Disclosure of fact of preparation

A person may not procure or cause to be prepared an investigative consumer report on any consumer unless—

    (1)    it is *clearly and accurately disclosed* to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure

        (A)    is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and

        (B)    *includes a statement informing the consumer of his right to request the additional disclosures* provided for under subsection (b) of this section *and the written summary of the rights of the consumer prepared pursuant to section 1681g(c)* of this title; (Emphasis Added.)

28. Plaintiff alleges, on information and belief, that in evaluating her and other class members for employment, Defendants procured or caused to be prepared credit and background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e)).

29. When Plaintiff applied for employment with Defendants, Defendants required her to fill sign and sign and fill out a Document entitled "FAIR CREDIT REPORTING ACT DISCLOSURE AND AUTHORIZATION" ("authorization").

30. In pertinent part the two page authorization states:

"I release Home Depot and/or its agents and any person or entity that information pursuant to this authorization from any and all liabilities, claims, or lawsuits in regard to the information obtained from any and all of the above referenced sources.

---

*Harris v Home Depot, et al.*               5              First Amended Class Action Complaint

> I agree that the giving of any false, misleading or incomplete information either on my employment application or this form will be grounds for denial or termination…
>
> The Home Depot is an equal opportunity employer.  Information from a consumer report or investigative consumer report will not be used in violation of any equal employment opportunity law or regulation.  Date of birth is for identification verification purposes only, and is not considered in making employment decisions.  Home Depot personnel who will be involved in hiring decisions will not have access to date of birth information before a conditional offer of employment is made.…
>
> FOR OFFICE USE ONLY
>
> The Home Depot CONTACT NAME        STORE/LOCATION  State
>
> POSITION APPLIED FOR:
>
> -Criminal   - Credit  - Motor Vehicle – Date of Request"

Because the purported disclosures are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-alone documents, they confused Plaintiff and did  not meet the requirements under the law.

31. Under the FCRA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii). The inclusion of the Release and other extraneous information, therefore, violates § 1681b(b)(2)(A) of the FCRA because the disclosure was not "clear and conpsicuous."

32. Plaintiff signed the Authorization on or about February 17, 2011 in connection with several other employment forms.  Plaintiff was required to sign the forms and give them back.  Defendant did not provide Plaintiff with a copy of the Authorization or the Disclosure. This is a violation of 15 U.S.C. § 1681d(a)(1) because the disclosure was not made in a writing "mailed, or otherwise delivered" to Plaintiff.

33. Plaintiff was not aware of and did not discover the violation until Defendant produced a copy of Plaintiff's personnel file, including a copy of the Authorization and

Disclosure, in or about December 2013.

34. Although the disclosure and the authorization may be combined in a single document, the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous information or be part of another document. For example, in response to an inquiry as to whether the disclosure may be set forth within an application for employment or whether it must be included in a separate document, the FTC stated:

> The disclosure may not be part of an employment application because the language [of 15 U.S.C. § 1681b(b)(2)(A) is] intended to ensure that it appears conspicuously in a document not encumbered by any other information. The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure.

35. The plain language of the statute also clearly indicates that the inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements of the FCRA, because such a form would not consist "solely" of the disclosure. In fact, the FTC expressly has warned that the FCRA notice may not include extraneous information such as a release. In a 1998 opinion letter, the FTC stated:

> [W]e note that your draft disclosure includes a waiver by the consumer of his or her rights under the FCRA. The inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes.

36. In a report dated July 2011, the FTC reiterated that: "the notice [under 15 U.S.C. § 1681b(b)(2)(A)] may not include extraneous or contradictory information, such as a request for a consumer's waiver of his or her rights under the FCRA."

37. By including the Release and other extraneous information, Defendants willfully disregarded the FTC's regulatory guidance and violated Section 1681b(b)(2)(A) of the FCRA. Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and "clear[] and accurate[]," and thus violates §§ 1681b(b)(2)(A) and 1681d(a).

38. Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring

consumer reports or causing consumer reports to be procured. Pursuant to that policy and practice, Defendants procured consumer reports or caused consumer reports to be procured for Plaintiff and class members without first providing a written disclosure in compliance with Section 1681b(b)(2)(A) of the FCRA.

39. Defendants' conduct in violation of Section 1681b(b)(2)(A) of the FCRA was and is willful. Defendants acted intentionally and in reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

(a) Defendants are a large corporation with access to legal advice;

(b) Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations;

(c) The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the disclosure and authorization requirements; and

(d) The FTC's express statements, pre-dating Defendants' conduct, which state that it is a violation of Section 1681b(b)(2)(A) of the FCRA to include a liability waiver in the FCRA disclosure form.

40. On information and belief and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without providing a written summary of their rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made. Pursuant to that policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and class members, without providing a timely written summary of their rights under the FCRA.

41. Accordingly, Defendants willfully violated and continue to violate the FCRA including, but not limited to, §§ 1681b(b)(2)(A) and 1681d(a). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

42. As a result of Defendants' illegal procurement of credit and background reports by way of their inadequate disclosures, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

43. Plaintiff, on behalf of herself and all class members, seeks all available remedies pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief and attorneys' fees and costs.

44. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 1681o, including actual damages and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendants as follows:

- A. An order that the action be certified as a class action;
- B. An order that Plaintiff be appointed class representative;
- C. An order that counsel for Plaintiff be appointed class counsel;
- D. Statutory penalties;
- E. Civil penalties;
- F. Punitive damages;
- G. Costs of suit;
- H. Interest;
- I. Reasonable attorneys' fees; and
- J. Such other relief as the Court deems just and proper.

//

# DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial on all issues so triable.

Respectfully submitted,

SETAREH LAW GROUP

Dated: March 26, 2015

By_____/s/_____
SHAUN SETAREH, Attorney for Plaintiff, TERRIA HARRIS, on behalf of herself, all others similarly situated