UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRIA K. HARRIS,<br>    Plaintiff,<br>v.<br>HOME DEPOT U.S.A., INC.,<br>    Defendant. | Case No. 15-cv-01058-VC<br><br>**ORDER DENYING MOTION TO DISMISS**<br>Re: Dkt. No. 12 |

As applicable here, the Fair Credit Reporting Act ("FCRA") prohibits an employer from procuring a consumer report on a job applicant without first disclosing the background check to the applicant and getting authorization for it. The employer must disclose the background check to the applicant "in a document that consists solely of the disclosure." 15 U.S.C. § 1681b(b)(2)(A). Terria Harris brings this proposed class action alleging that Home Depot violated the FCRA by obtaining a pre-employment background checks without a proper written disclosure. She contends the disclosure document that Home Depot made her sign did not consist "solely of the disclosure," but rather included language by which Harris released Home Depot of any liability that it might incur in connection with the background check.

Home Depot moves to dismiss the lawsuit on three grounds. The motion is denied.

**1.** It's not obvious from the face of the complaint that Harris's FCRA claim is barred by the statute of limitations. Home Depot argues that Harris became aware of the facts constituting the FCRA violation on the date she signed the disclosure/release form, and contends she was therefore required to sue within two years of that "date of discovery." 15 U.S.C. § 1681p. But Home Depot did not necessarily violate the FCRA on the date Harris signed the disclosure/release form. The FCRA makes it unlawful to "procure" a report without first providing the proper disclosure and receiving the consumer's written authorization, so Home Depot could not have violated the statute until it procured a report on Harris. The complaint does not make clear when

1  that happened.  Nor did Home Depot pursue in its briefs a statute of limitations argument based on

2  the date Home Depot procured a report on Harris.  Instead, it relied solely on the erroneous

3  argument that the clock started running when Harris signed the form.  Accordingly, the motion to

4  dismiss on statute of limitations grounds is denied.  *See Supermail Cargo, Inc. v. United States*, 68

5  F.3d 1204, 1207 (9th Cir. 1995) ("[A] complaint cannot be dismissed [on limitations grounds]

6  unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the

7  timeliness of the claim.").

8  **2.**  Home Depot next argues that the complaint does not plead a violation of the FCRA, but

9  that's also wrong.  The statute requires a document that "consists solely of the disclosure," and

10 although the statute does allow the written disclosure form to include a provision by which the

11 consumer can authorize the consumer report, a release of liability is separate and distinct from the

12 disclosure and authorization.  *See* Letter from William Haynes, Attorney, Div. of Credit Practices,

13 Fed. Trade Comm'n, to Richard W. Hauxwell, CEO, Accufax Div. (June 12, 1998).[1]  The motion

14 to dismiss for failure to state a claim is denied.

15 **3.**  Finally, Home Depot argues that the complaint does not adequately allege that the

16 violation was willful, as required in a case seeking statutory damages under the FCRA.  In support

17 of this argument, Home Depot relies largely on this Court's ruling in *Peikoff v. Paramount*

18 *Pictures, Corp.*, No. 15-00068-VC (N.D. Cal. Mar. 26, 2015).  Home Depot states in its brief that

19 *Peikoff* addressed "this exact issue" and concluded there could be no willful violation for inclusion

20 of release language in a disclosure form as a matter of law.  This assertion by Home Depot's

21 lawyers easily crosses the line from zealous advocacy to dishonesty.  Far from addressing the

22 "exact issue" in this case, *Peikoff* distinguished the exact issue presented here.  In *Peikoff*, the

23 Court held that the language the employer included in its disclosure form was closely related to

24 the disclosure – so closely related that it was inherently implausible anyone would include it in a

25 willful attempt to violate the statute (or with reckless disregard for the requirements of the statute).

---

[1] Federal Trade Commission staff opinion letters, while not authoritative guidance on the FCRA, may nonetheless serve as persuasive authority.  *See Reardon v. ClosetMaid Corp.*, No. 2:08-CV-01730, 2013 WL 6231606, at *7 n.5 (W.D. Pa. Dec. 2, 2013).

2

*Peikoff* distinguished that situation from the situation here, namely, when an employer requires a job applicant, in the disclosure form, to release the employer from liability. A liability waiver, the Court explained in *Peikoff*, is distinguishable because it is "independent from the disclosure and authorization."

To put it another way, in *Peikoff* the employer had nothing to gain (other than improving the chances that the background check would be accurate) by inserting the additional language into the disclosure form. And like the authorization, a certification is likely to "focus the consumer's attention on the disclosure." *See* Letter from William Haynes, Attorney, Div. of Credit Practices, Fed. Trade Comm'n, to Harold Hawkey, Emp'rs Assoc. of N.J. (Dec. 18, 1997), 1997 WL 33791224, *1 n.3. But the employer does have something to gain (separate from the successful performance of a background check) by inserting a provision by which the applicant releases the employer from liability. So in this situation, it's plausible that Home Depot inserted this language into the disclosure form despite knowing that to do so would violate the FCRA, or at least with reckless disregard for the FCRA's requirements. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 71 (2007). This is particularly true given the existence of an FTC opinion letter at the time of Home Depot's conduct which explained that the conduct is unlawful – another factor which distinguishes the insertion of a certification from the insertion of a liability waiver.

On this issue, the Court agrees with the analyses in *Speer v. Whole Food Market Group., Inc.*, No. 8:14-CV-3035-T-26TBM, 2015 WL 1456981, *3 (M.D. Fla. Mar. 30, 2015), *Milbourne v. JRK Residential America,* LLC, No. 3:12-CV-861, 2015 WL 1120284, *8 (E.D. Va. Mar. 11, 2015), *Avila v. NOW Health Group, Inc.*, No. 14 C 1551, 2014 WL 3537825, *3 (N.D. Ill. July 17, 2014), *Reardon*, 2013 WL 6231606, at *10–11, and *Singleton v. Domino's Pizza*, No. 11–1823, 2012 WL 245965 (D. Md. Jan. 25, 2012), and disagrees with the analysis in *Syed v. M-I LLC*, No. CIV. 1:14-742 WBS, 2014 WL 5426862, *4 (E.D. Cal. Oct. 23, 2014).[2] The motion to dismiss for failure to plead willfulness is denied.

---

[2] At oral argument Home Depot's lawyer asserted that *Burghy v. Dayton Racquet Club, Inc.*, 695 F. Supp. 2d 689 (S.D. Ohio 2009) is in accord with *Syed*, but a quick reading of *Burghy* shows that's not true. After the hearing, Home Depot's lawyer filed a Notice of Errata, informing the Court that counsel had instead "intended to provide the citation to *Smith v. Waverly Partners*,

3

**IT IS SO ORDERED.**

Dated: June 30, 2015

_____
VINCE CHHABRIA
United States District Judge

---

LLC, 2012 WL 3645324 (W.D.N.C. Aug. 23, 2012)" as "a case in which a court ruled that inclusion of a liability waiver or release in a background check disclosure and authorization form did not violate the FCRA."  Docket No. 32.  But in *Smith*, the court concluded that "in order to give Congress's inclusion of the word 'solely' meaningful effect, the Court agrees that *inclusion of the waiver provision was statutorily impermissible . . . .*"  *Smith*, 2012 WL 3645324, at *6 (emphasis added).

4