UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERRIA K. HARRIS,

Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

Defendant.

Case No.  15-cv-01058-VC

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 48

Home Depot's motion for summary judgment is granted with respect to Harris's claims under the federal Fair Credit Reporting Act ("FCRA") and California's Investigative Consumer Reporting Agencies Act ("ICRAA").  A reasonably diligent person would have discovered the facts giving rise to Harris's FCRA and ICRAA claims by March 1, 2011.  The FCRA and ICRAA both have two-year limitations periods, so Harris's claims under those statutes would only have been timely if she had filed them by March 1, 2013.  But Harris didn't file her original complaint, which asserted the FCRA and ICRAA claims, until February 2, 2015.  Harris's FCRA and ICRAA claims are therefore time-barred.

In an amended complaint, Harris added a claim under California's Unfair Competition Law ("UCL").  The UCL claim is based on violations of the FCRA and ICRAA, but it is an independent state-law claim.  *Rose v. Bank of America*, 304 P.3d 181, 185 (Cal. 2013).  UCL claims are always subject to a four-year statute of limitations, even when they are based on violation of a statute with a shorter limitations period.  *Cortez v. Purolator Air Filtration Prods. Co.*, 999 P.2d 706, 716 (Cal. 2000).  And the UCL claim in this case relates back to the original filing date of February 2, 2015, because the UCL claim "share[s] a common core of operative

facts" with the FCRA and ICRAA claims.  *Martell v. Trilogy Ltd.*, 872 F.2d 322, 325 (9th Cir. 1989); *see also Corns v. Laborers Int'l Union*, No. 09-cv-4403-YGR, 2014 WL 1319363, at *6 (N.D. Cal. Mar. 31, 2014).  Therefore, the UCL claim is timely.

Home Depot argues the UCL claim cannot go forward to the extent it is based on a violation of the FCRA, because the two-year limitations period in that federal statute preempts application of the UCL's longer limitations period.  In support of this argument, Home Depot relies on two district court decisions: *O'Donovan v. CashCall, Inc.*, No. 08-cv-3714-MEJ, 2012 WL 2568174 (N.D. Cal. 2012) and *Kohl v. American Home Shield Corp.*, No. 11-cv-700-JM, 2011 WL 3739506 (S.D. Cal. 2011).  Although those decisions involve different federal statutes, they do indeed seem to stand for the general proposition that the UCL's longer limitations period can't apply when the UCL claim is based on violation of a federal statute that contains a shorter limitations period.  But those two decisions contain no actual federal preemption analysis.  When that analysis is applied to the FCRA in this case, it leads to the opposite conclusion.

There are three ways federal law can preempt state law.  *Valle del Sol v. Whiting*, 732 F.3d 1006, 1022 (9th Cir. 2013).  First, federal law "expressly" preempts state law "when the text of a federal statute explicitly manifests Congress's intent to displace state law." *Id.*  Second, "the States are precluded from regulating conduct in a *field* that Congress, acting within its proper authority, has determined must be regulated by its exclusive governance." *Arizona v. United States*, 132 S. Ct. 2492, 2501 (2012) (emphasis added).  Third, "even if Congress has not occupied the field, state law is naturally preempted to the extent of any *conflict* with a federal statute." *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372 (2000) (emphasis added).

Harris's UCL claim isn't expressly preempted.  Although one subsection of the FCRA's preemption clause expressly prohibits state law from imposing a "requirement or prohibition," 15 U.S.C. § 1681t(b),  relating to "the disclosures required to be made under subsection (c), (d), (e) or (g) of section 1681g of this title," *id.* § 1681t(b)(3), the UCL's four-year limitations period doesn't impose a new "requirement or prohibition" on Home Depot – it just extends the period in which Harris can sue to enforce the FCRA's existing requirements and prohibitions.

2

Nor is Harris's UCL claim field preempted.  There's no evidence Congress intended the FCRA to occupy an entire field.  *Cf. Arizona*, 132 S. Ct. at 2501.  On the contrary, Congress provided that the FCRA generally does not preempt state law "except to the extent that those laws are inconsistent with" the FCRA itself, "and then only to the extent of the inconsistency." 15 U.S.C. § 1681t(a).  To be sure, this language in the FCRA's preemption clause doesn't mean it's impossible for the federal government to occupy a field related to the FCRA.  *Cf. Silvas v. E*TRADE Mortg. Corp.*, 514 F.3d 1001, 1007 (9th Cir. 2008).  But here, there is no countervailing indication that Congress (or the Executive Branch exercising legislative power delegated by Congress) did intend to occupy the field.  *Cf. id.* at 1005.  In the absence of other evidence of field preemption, Congress's narrow drafting of the FCRA's preemption clause is strong evidence that Congress did not, in fact, intend to occupy the field.

That leaves conflict preemption.  A state statute is conflict-preempted "where it is impossible for a private party to comply with both state and federal law" or "where the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."  *Valle del Sol*, 732 F.3d at 1023.  It's not impossible to comply with both the UCL (with its four-year limitation period) and the FCRA (with its two-year limitation period).  *Cf. Draper v. Chiapuzio*, 9 F.3d 1391, 1394 (9th Cir. 1993).  Thus, the only question is whether the UCL's longer statute of limitations "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."  There's no reason to think that it does.  The FCRA is a classic example of a federal statute that allows state law to supplement it.  *See* 15 U.S.C. § 1681t(a).  And that's what the UCL's four-year limitations period does here.

Other district courts (contrary to the decisions cited by Home Depot) have correctly taken this approach with other federal statutes, concluding in the face of a possible conflict-preemption argument that the UCL's four-year limitations period merely supplements, and does not conflict with, the federal statute's shorter limitations period.  *See Beaver v. Tarsadia Hotels*, 29 F. Supp. 3d 1294, 1310 (S.D. Cal. 2014) ("the longer statute of limitations period under the UCL does not

stand as an obstacle [to] or conflict with federal law but provides additional protection to the consumers"); *Plascencia v. Lending 1st Mortgage*, 583 F. Supp. 2d 1090, 1099 (N.D. Cal. 2008) ("the fact that the UCL allows a claim to be brought within four years . . . simply provides an additional level of protection for consumers"); *Quezada v. Loan Ctr. of California, Inc.*, No. 08-cv-177-WBS, 2008 WL 5100241, at *5 (E.D. Cal. Nov. 26, 2008) ("Although the UCL provides a longer statute of limitations and may offer additional remedies, these factors alone do not render plaintiff's UCL claims inconsistent with" a federal statute).  It is perhaps conceivable that a particular federal statute could preempt a state law claim with a longer limitations period under a conflict preemption analysis, but Home Depot has not pointed to (and the Court is unaware of) anything in the FCRA's language, legislative history or regulatory structure that would suggest such a result here.

Accordingly, Harris's UCL claim is not time-barred, and Home Depot's motion for summary judgment is denied with respect to that claim.

**IT IS SO ORDERED.**

Dated: January 20, 2016

_____
VINCE CHHABRIA
United States District Judge